

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-26-2006

# USA v. Abdur-Raheem

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3951

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Abdur-Raheem" (2006). *2006 Decisions.* Paper 841.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/841

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 04-3951
_____

UNITED STATES OF AMERICA

v.

ABUBAKER ABDUR-RAHEEM,
a/k/a Kim Crandall,

Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 04-cr-00039)
District Judge:  Honorable William W. Caldwell
_____

Submitted Under Third Circuit LAR 34.1(a)
June 16, 2006

Before:  FISHER, CHAGARES and REAVLEY,[*] *Circuit Judges*.

(Filed June 26, 2006)
_____

OPINION OF THE COURT
_____

---

[*]The Honorable Thomas M. Reavley, United States Circuit Judge for the Fifth
Circuit, sitting by designation.

FISHER, *Circuit Judge*.

## I.

Abubaker Abdur-Raheem appeals from the District Court's judgment of conviction. He argues that the United States presented insufficient evidence to prove that he had an "intent to deceive," an essential element of possessing or uttering a forged security under 18 U.S.C. § 513(a). Because we believe that the evidence, viewed in the light most favorable to the United States, is sufficient to support the conviction, we will affirm.

## II.

As we write solely for the parties, only a brief recitation of the facts is necessary. Abdur-Raheem was charged with and convicted of one count of possessing and uttering a forged security with the intent to deceive an organization in violation of 18 U.S.C. § 513(a). The District Court sentenced Abdur-Raheem to a period of ten months' imprisonment, a $100 special assessment, restitution in the amount of $5,000, and two years' supervised release.[1]

Viewed in the light most favorable to the United States, *see Glasser v. United States*, 315 U.S. 60, 80 (1942); *United States v. Coyle*, 63 F.3d 1239, 1243 (3d Cir. 1995), the evidence presented at trial established the following. Two checks, numbered 1599 and 1600, were stolen from the offices of BDQ Mechanical Corporation ("BDQ").

---

[1]Abdur-Raheem does not raise any issues relating to his sentence.

Issuance of the checks was not approved by the company or any of its officers. The office from which the checks were stolen was located in Brooklyn, New York, in the same housing complex where Abdur-Raheem lived.

Subsequently, Abdur-Raheem deposited the same two checks into his account at a bank in Shamokin Dam, Pennsylvania. Abdur-Raheem deposited the checks at this bank despite the fact that he maintained an account at a bank located near his Brooklyn residence.

The checks were made out to Abdur-Raheem, each in the amount of $2,500. The amount was approximately fifty times greater than any amount Abdur-Raheem had previously deposited into the account. Abdur-Raheem was listed as the payee, and the payor signature was illegible. Abdur-Raheem deposited the checks despite the fact that he had no previous dealings with BDQ and was not owed any money by the company.

In the days following the deposit, Abdur-Raheem withdrew approximately $4,996.38 from the same account into which he had deposited the stolen checks. On at least one occasion, Abdur-Raheem was videotaped withdrawing the money from an ATM. During the transaction, which occurred in the middle of the night, Abdur-Raheem appears to be hiding his identity by pulling a baseball cap over his eyes and face.

Its suspicions aroused, the bank made numerous attempts to contact Abdur-Raheem at the telephone numbers, e-mail addresses, and addresses that he had previously provided. All of those efforts were unsuccessful. Abdur-Raheem made no attempt to

3

contact the bank even after his account was frozen and he attempted, but was unable, to withdraw more cash from the account.

III.

The statute under which Abdur-Raheem was convicted provides, in relevant part, as follows:

> Whoever makes, utters or possesses a counterfeited security of a State or a political subdivision thereof or of an organization, or whoever makes, utters or possesses a forged security of a State or political subdivision thereof or of an organization, with intent to deceive another person, organization, or government shall be fined under this title or imprisoned for not more than ten years, or both.

18 U.S.C. § 513(a). Abdur-Raheem argues that the United States failed to present sufficient evidence to establish that he had an "intent to deceive." He does not challenge the adequacy of the evidence as to the other elements of the offense.

In reviewing a sufficiency of the evidence claim, we examine the "totality of the evidence, both direct and circumstantial," and must credit "all available inferences in favor of the government." *United States v. Gambone*, 314 F.3d 163, 170 (3d Cir. 2003) (citations omitted). We will sustain the verdict if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Thus, a claim of insufficiency of the evidence places a very heavy burden on an appellant." *United States v. Dent*, 149 F.3d 180, 187 (3d Cir. 1998) (citations omitted).

The evidence presented at trial, when viewed in the light most favorable to the United States, establishes an intent to deceive. The evidence shows that Abdur-Raheem

4

had no dealings with BDQ and was not owed money by BDQ. The jury could properly infer from this evidence that Abdur-Raheem knew that he was not entitled to the checks. *See United States v. Young*, 282 F.3d 349 (5th Cir. 2002). Moreover, his actions following the misappropriation of the checks, including (1) his use of a bank outside his state of residence, (2) his withdrawal of the funds soon after their deposit, (3) his attempts to conceal his identity when withdrawing money from the ATM, (4) his failure to respond to the bank's repeated attempts to reach him, and (5) his failure to respond even after his account had been frozen, demonstrate consciousness of guilt. Based on these facts, the jury could infer that Abdur-Raheem possessed and uttered the forged checks with an intent to deceive, supporting the conviction under 18 U.S.C. § 513(a).

Accordingly, we will affirm the judgment of conviction.